1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

                   Plaintiff,

    v.

DR. CHEN, et al.,

                Defendants.

_____/

CASE NO.    1:11-CV-01762-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY (30) DAYS

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

      Plaintiff Jeremy Jones, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on October 24, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

      Plaintiff's Complaint is now before the Court for screening.

-1-

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF COMPLAINT

Plaintiff complains that Defendant medical and correctional staff at Kern Valley State Prison (KVSP) were deliberately indifferent to his ruptured spinal disc, discriminated against him because he is African American, and conspired to retaliate against him for his related grievances and threats of litigation, in violation of his rights under the First, Eighth and Fourteenth Amendments and federal statutes. (Compl. at 1-2.)

Plaintiff grieved "sub par" medical care at KVSP beginning in July 2009. Medical staff

Defendants Drs. Chen, Lopez, Juang, Dileo and Patel conspired to retaliate against him for filing grievances  by terminating his pain medication, ADA status and use of a walking cane, and denying him emergency treatment on occasions when his back gave out. (Id. at 4-5.)

In December 2009, Plaintiff was granted a chrono regaining use of a cane.

In March 2010 Defendant Dr. Chen concocted a lie that "Plaintiff was seen running". Defendant Juarez supervised Defendant officers Negrete, Sanchez and Cox, who pursuant to a conspiracy with Defendant Dr. Chen, assaulted Plaintiff and confiscated his cane and ADA vest, (Compl. at 5); Plaintiff was falsely accused of battery on an officer in this incident, given Ad Seg and left to suffer without medical treatment. (Id.)

Defendant medical staff conspired and denied him all medical treatment (Id. at 6, 9) and placed unspecified false documents in his medical and central files. (Id. at 7.)

Plaintiff's subsequent grievances and citizen complaints were denied or misplaced by Defendants. (Id. at 6.)

Plaintiff names as Defendants (1) Chen MD, (2) Lopez Chief Medical Officer, (3) Dileo MD, (4) Juang MD, (5) Patel MD, (6) Warden Hense, (7) Capt. Woods, (8) Lt. Morales, (9) Sgt. Juarez, (10) Off. Negrete, (11) Off. Sanchez, and (12) Off. Cox.

Plaintiff seeks monetary compensation.

IV.    **ANALYSIS**

A.    **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.

-3-

1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.   Personal Participation and Doe Defendants

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege facts personally linking Defendants Lopez, Dileo, Juang, Patel, Hense, Woods, Morales and Juarez to any violation of his rights. Conclusory allegations that these Defendants conspired as to, or supervised the alleged rights deprivations are not sufficient.

Plaintiff refers to unnamed "other" defendants (Compl. at 3), but names no Doe defendants.

-4-

1   Plaintiff may not proceed against individual defendants unless he identifies them or

2   names them as Doe defendants and describes how each *personally* violated, or knowingly

3   directed a violation of, his constitutional rights. Fed.R.Civ.P. 8(a).

4       **C.    Inadequate Medical Care**

5       Plaintiff alleges that Defendant Dr. Chen provided inadequate, and then no care for

6

7   his disc injury.

8       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

9   inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

10  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The

11  two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

12  need' by demonstrating that 'failure to treat a prisoner's condition could result in further

13  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

14
    response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin

15
16  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

17      Deliberate indifference is shown by "a purposeful act or failure to respond to a

18  prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

19
    F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the
20
21  Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

22  defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer

23  v. Brennan, 511 U.S. 825, 837 (1994).

24      In applying this standard, the Ninth Circuit has held that before it can be said that a

25  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

26  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

27

cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, a ruptured spinal disc, if not properly treated would be expected to cause interference in daily activities, pain and further injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff has not alleged facts demonstrating that Defendant Chen was deliberately indifferent to his medical needs. Disagreement or difference of opinion in diagnosis and treatment decisions of prison medical staff, even if those decisions are wrong or negligently rendered, is not a basis for deliberate indifference. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Plaintiff alleges no facts plausibly claiming Defendant Chen intentionally denied or delayed treatment of his needs or treated him in medically inappropriate manner.

If Plaintiff chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendants.

**D.    Excessive Force**

Plaintiff alleges that Defendants Officers Negrete, Sanchez and Cox violently assaulted him confiscating his cane and ADA vest.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ——U.S. ——, ——, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010); Hudson, 503 U.S. at 8–9. The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To

state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkins, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Here Plaintiff's alleges a "violent assault" by Defendants Negrete, Sanchez and Cox but provides no facts plausibly claiming excessive force. The Court is left to speculate as to

-8-

the events immediately leading up to the use of force, the nature, amount and duration of force applied, and his response to the force to enable the Court to determine if it was unnecessary and unjustified under the circumstances. Experience would suggest the possibility Plaintiff was doing or failed to do something that may have precipitated the use of the force; Plaintiff was charged with battery upon an officer in relation to this incident. Plaintiff must set out sufficient details to enable a meaningful analysis of relevant circumstances.

The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named Defendant acted maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, at *4, *5 (E.D. Cal. Feb.13, 2008) (plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline). Plaintiff must also describe in detail what injuries, if any, he experienced as a result.

## E.    False Records

Plaintiff alleges that unspecified false documents have been placed in his permanent medical and central file causing denial and delay in treatment upon transfer to other prison facilities.

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Liberty interests created by prison regulations are limited to

-9-

freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Plaintiff has not alleged facts plausibly claiming atypical and significant hardship.

Plaintiff fails to attribute the false documents to any of the named Defendants.

Plaintiff's allegations of denial and delay in medical care at other prison facilities involve different defendants and claims separate from the instant and are not properly included in this action. Fed.R.Civ.P. 18(a).

For the reasons stated, leave to amend this claim would be futile and will not be granted.

## F.    Inmate Appeal

Plaintiff alleges that Defendants improperly handled his inmate appeals.  Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure).

Since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Amendment of this claim would be futile. Leave to amend will not be granted.

## G.    Retaliation

Plaintiff alleges Defendants provided inadequate medical care, used excessive force against him, disciplined him and placed false documents in his files because of his

grievances and threats of litigation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff has not alleged facts plausibly claiming adverse action by Defendants. Plaintiff's deficient Eighth and Fourteenth Amendment claims are not sufficient to show harm. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009). Nothing before the Court suggests Defendants caused a chill effect by threat of punishment or regulatory action. (Id.) There is no allegation Defendants threatened Plaintiff with retaliation. The contention that Ad Seg was retaliatory is controverted by the charge of battery upon an officer; a charge Plaintiff seems not to have challenged administratively.

He also fails to allege facts that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Prisoner medical care and discipline generally will further institutional goals.

Accordingly, there are no factual allegations plausibly claiming adverse retaliatory conduct by Defendants in excess of legitimate penological goals.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the

-11-

1    above noted elements attributable to each of the Defendants.

2        **H.    Discrimination**

3        Plaintiff alleges that Defendants have conspired to deprive him of equal protection

4    based on his status as an African American.

5        1.    42 U.S.C. § 1985

6

7        A claim brought for violation of § 1985(3) requires "four elements: (1) a conspiracy;

8    (2) for the purpose of depriving, either directly or indirectly, any person or class of persons

9    of the equal protection of the laws, or of equal privileges and immunities under the laws; and

10   (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his

11   person or property or deprived of any right or privilege of a citizen of the United States."

12   Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  A racial, or perhaps

13   otherwise class-based, invidiously discriminatory animus is an indispensable element of a

14   section 1985(3) claim.   Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir.

15   2001). In interpreting these standards, the Ninth Circuit has held that a claim under § 1985

16   must allege specific facts to support the allegation that defendants conspired together.

17   Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere

18   allegation of conspiracy without factual specificity is insufficient to state a claim under 42

19   U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

20

21

22       Additionally "'[t]he absence of a [§] 1983 deprivation of rights precludes a [§] 1985

23   conspiracy claim predicated on the same allegations.'" Thornton v. City of St. Helens, 425

24   F.3d 1158, 1168 (9th Cir. 2005) (quoting Caldeira v. County of Kauai, 866 F.2d 1175, 1182

25   (9th Cir. 1989)).

26       Here Plaintiff alleges no facts plausibly claiming an agreement among Defendants to

27

-12-

deprive him of constitutional rights with discriminatory intent. He simply alleges he is African American. There are no facts plausibly claiming an agreement among Defendants to deprive him of federal rights based upon his race or class membership.

His deficient Eighth and Fourteenth Amendment claims cannot provide the predicate rights deprivation.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

2.   42 U.S.C. § 2000

Plaintiff also alleges Defendants have excluded him from participation in federally funded programs and activities because of his race.

A claim brought for violation of 42 U.S.C. § 2000d prohibits only intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 280 (2001). Plaintiff fails to allege any facts suggesting intentional race based discrimination. Plaintiff also fails to allege any federally funded program or activity from which he was excluded.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

**I.   Conspiracy**

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional violation or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).

A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987).

Plaintiff fails to allege facts plausibly claiming an agreement among Defendants to deprive Plaintiff of his federal rights. Plaintiff also fails to allege any predicate deprivation.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983 or other federal statute. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended

-14-

complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed October 24, 2011,

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva, 658 F.3d at 1095.

IT IS SO ORDERED.

Dated:    May 24, 2012             /s/ *Michael J. Seng*

                                UNITED STATES MAGISTRATE JUDGE