IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>                Plaintiff,<br><br>        vs.<br><br>DR. CHEN, et al.,<br><br>                Defendants.<br>_____/ | CASE No. 1:11-cv-01762-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR EXTENSION OF TIME TO RESPOND TO AMEND OR NOTIFY ORDER<br><br>(ECF No. 21)<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN<br><br>(ECF No. 10)<br><br>THIRTY-DAY DEADLINE |

I.      **PROCEDURAL HISTORY**

Plaintiff Jeremy Jones, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on October 24, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to magistrate judge jurisdiction for all

-1-

matters and purposes in this case. (Consent to Magistrate Judge, ECF No. 3.)

On May 24, 2012, Plaintiff's Complaint was screened and dismissed for failure to state a claim, but he was given leave to file an amended pleading. (Order Dismiss. Compl., ECF No. 8.) On June, 25, 2012, Plaintiff filed his First Amended Complaint. (First Am. Compl., ECF No. 9.) On July 27, 2012, the Court screened the First Amended Complaint and finding cognizable claims against Defendant Chen for Eighth Amendment medical indifference and First Amendment retaliation, ordered that by not later than August 30, 2012, Plaintiff either file an amended complaint curing the deficiencies identified by the Court in its second screening order, or notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Chen on his Eighth Amendment medical indifference and First Amendment retaliation claims. (Order Amend or Notify, ECF No. 10.)

Plaintiff requested and the Court granted four extensions of time to respond to the July 27, 2012 amend or notify order and his response is now due by January 8, 2013. (Order Grant. Fourth Mot. Ext. Time, ECF No. 20.) Pending before the Court is Plaintiff's fifth motion for extension of time to respond to the July 27th amend or notify order; he seeks an extension of unspecified duration. (Fifth Mot. Ext. Time, ECF No. 21.)

## II.  LEGAL STANDARD

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). The Court has wide discretion to extend time. Jenkins v. Commonwealth Land title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). A party must demonstrate some justification for the issuance of the enlargement order. Ginett v. Federal Express Corp., 166 F.3d 1213 at 5* (6th Cir. 1998). However, enlargement will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. Ahanchian v.

Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010).

## III. ARGUMENT

Plaintiff's instant motion is based solely upon his representation that further extension of time is required "to continue researching in order to properly amend this complaint." (Fifth Mot. Ext. Time at 1:16-17.) He provides no other or further argument in support of the instant motion.

## IV. ANALYSIS

Plaintiff fails to provide facts demonstrating good cause for further extension of time. His assertion that further time is necessary "to continue researching" an amended complaint is unexplained. It is the same basis upon which Plaintiff requested, and the Court granted, his fourth request for extension of time. (Fourth Mot. Ext. Time, ECF No. 19 at 1:15-18; Order Grant. Fourth Mot. Ext. Time at 2:9-16.)

Plaintiff says nothing about why he feels the previous four extensions of time have been insufficient, what efforts he has made to comply with the Court's order, and what more he needs or wants in order to be able to comply with the Court's July 27, 2012 order. Nothing suggests Plaintiff has acted with reasonable diligence in attempting to respond to the Court's July 27, 2012 amend or notify order.

It is reasonable to conclude, and the Court does conclude, that further delay is unjustified and would prejudice Defendant. "The law presumes an injury from unreasonable delay." Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976), citing to States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970).

Planitiff was advised in the Court's December 5, 2012 order granting the fourth extension of time that no further extension of time would be granted. (Order Grant. Fourth Mot. Ext. Time, ECF No. 20.)

## V. CONCLUSIONS AND ORDER

Plaintiff fails to demonstrate reasonable diligence and provide good cause for his fifth motion for extension of time to respond to the July 27, 2012 order to amend

-3-

his pleading or notify the court of his willingness to proceed against Defendant Chen on his Eighth Amendment medical indifference and First Amendment retaliation claims only.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's fifth motion for extension of time to respond to the July 27, 2012 amend or notify order (ECF No. 21) is DENIED;

2. All claims in Plaintiff's First Amended Complaint except for his claims against Defendant Chen for Eighth Amendment medical indifference and First Amendment retaliation should now be dismissed. All of the Defendants named in this action except for Defendant Chen should also now be dismissed;

3. Service shall be initiated on the following Defendant:

    CHEN;

4. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed June 25, 2012;

5. Within thirty (30) days from filing of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each Defendant listed above; and

    c. Two (2) copies of the endorsed First Amended Complaint filed June 25, 2012;

6. Plaintiff need not attempt service on the Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named

Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

7. Plaintiff's failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:     January 14, 2013                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

-5-