IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES, | CASE No. 1:11-cv-01762-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (ECF No. 23) |
| DR. CHEN, et al., | |
| Defendants. | |

I. **PROCEDURAL HISTORY**

Plaintiff Jeremy Jones, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on October 24, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On May 24, 2012, Plaintiff's Complaint was screened and dismissed for failure to state a claim, but he was given leave to amend. (Order Dismiss. Compl., ECF No. 8.) On June, 25, 2012, Plaintiff filed his First Amended Complaint. (First Am. Compl., ECF No. 9.) On July 27, 2012, the Court screened the First Amended Complaint and found cognizable claims against Defendant Chen for Eighth Amendment medical indifference and First Amendment retaliation. The Court

-1-

gave Plaintiff until August 30, 2012, to advise whether he wished to proceed on those claims alone or to file an amended complaint curing the deficiencies identified by the Court in its Second Screening Order. (Order Amend or Notify, ECF No. 10.) Plaintiff requested and the Court granted four extensions of time, through January 8, 2013, to file an amended pleading. (Order Grant. Fourth Mot. Ext. Time, ECF No. 20.)

Plaintiff's request for a fifth extension of time was denied by the Court on January 14, 2013. (Order Den. Ext. Time, ECF No. 22.) All claims in Plaintiff's First Amended Complaint except for his claims against Defendant Chen for Eighth Amendment medical indifference and First Amendment retaliation were dismissed. (Id.) Service was ordered on Defendant Chen. (Id.) Plaintiff was provided with service documents to complete and return to the Court by not later than February 14, 2013. (Id.)

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's January 14, 2013 Order on grounds he was busy with other litigation and family matters and overlooked the Court's extended deadline to amend his pleading. (Mot. Recons., ECF No. 23.)

**II.    LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### III.  ANALYSIS

Plaintiff argues he overlooked the Court's fourth and final deadline to amend his pleading because he was preparing legal documents in a separate proceeding, and was observing the anniversary of the death of his young son.

The Court denied Plaintiff's motion for a fifth extension of time to amend his pleading due to a lack of reasonable diligence. Plaintiff's fifth request to extend the original August 30, 2012 due date simply parroted his previous requests and gave no indication why the prior four extensions were insufficient, what efforts he had undertaken to meet the deadline, and what more he needed or wanted in order to be able to file his amended pleading. The Court found further delay unjustified and prejudicial to Defendant.

Plaintiff's present Motion provides no basis for the Court to reconsider its January 14, 2013 Order. Plaintiff is required to prosecute this action diligently. He has not done so. The fact he may have filing deadlines in other litigation and must deal with personal family issues does not justify or excuse the five month delay. Plaintiff has been given four separate and successive extensions. He was warned the fourth extension would be his last.

///////

In summary, Plaintiff has not identified new facts, or legal or factual error, or any other reasonable grounds to justify reconsideration of the Court's January 14, 2013 Order. His extended delays to date militate against reconsideration. His Motion for Reconsideration shall be denied.

**IV.  ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's January 14, 2013 Order (ECF No. 23) be DENIED.

IT IS SO ORDERED.

Dated:   February 1, 2013                     /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE