**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. CHEN, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01762-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR DISCOVERY RELIEF**<br><br>**(ECF No. 45)** |

　　　　Plaintiff is a state prisoner incarcerated at the California Substance Abuse and Treatment Facility at Corcoran, California proceeding pro se and in forma pauperis in a civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on claims of medical indifference and retaliation against Defendant Chen.

　　　　Before the Court is Plaintiff's motion for reconsideration of the Court's February 12, 2014 order (ECF No. 44) striking Plaintiff's motion to set a hearing for the parties to conduct discovery and objecting to Defendant's notice of deposition.

　　　　The motion for reconsideration of the Court's February 12, 2014 order fails. The Court may relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). This relief is to be used sparingly as an equitable remedy to prevent manifest

injustice and is to be utilized only where extraordinary circumstances exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). Furthermore, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

The Court struck Plaintiff's motion to set a discovery hearing because no procedure exists for such relief. Plaintiff was advised: discovery requests are to be served by the parties pursuant to Federal Rule of Civil Procedure 5, 20, 26-36, and Local Rule 135; they are to be filed when required by Local Rules 250.2, 250.3, and 250.4; and discovery motions not compliant with applicable rules, procedures and requirements will be stricken. (ECF No. 44, at 1:28-2:4).

Plaintiff's argues reconsideration is appropriate because Defendant has noticed his deposition even though the February 12, 2014 order denied Plaintiff the right to depose Defendant. Plaintiff does not identify any error of law or fact in the Court's order. If Plaintiff desires to request or respond to or object to discovery, he must do so consistent with the foregoing requirements. These requirements are stated in more detail in the February 12th order.

Plaintiff's objection to notice of deposition is denied. He states no reason for objecting other than to reiterate his reconsideration argument, which is deficient for the reasons stated.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration and for discovery relief (ECF No. 45) is DENIED.

IT IS SO ORDERED.

Dated:   March 31, 2014         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

2