UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. CHEN<br><br>    Defendant. | CASE NO. 1:11-cv-01762-MJS (PC)<br><br>**ORDER (1) DENYING MOTION FOR RELIEF (ECF No. 53), AND (2) DENYING MOTION FOR APPOINTMENT OF AN IMPARTIAL EXPERT (ECF No. 54)** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Chen on Plaintiff's Eighth Amendment inadequate medical care claim. (ECF No. 22.)

    On February 2, 2015, Plaintiff filed his pretrial statement. (ECF No. 56.) Along with the statement, Plaintiff filed a document entitled "Prayer for Relief" (ECF No. 53), and a motion for the appointment of an impartial expert witness (ECF No. 54).

    Plaintiff's prayer for relief seeks a judgment for "actual damages in amount to be proven at trial," and $1,000,000.00 in punitive damages. Plaintiff provides no legal basis for granting him relief and, in any event, the deadline for filing any dispositive motions

1

has long passed. (ECF No. 28.) To the extent Plaintiff's request seeks an award of damages prior to trial, it will be denied. However, it appears the request may have been intended as part of Plaintiff's pretrial statement. The Court therefore will treat it as Plaintiff's statement of the relief he intends to seek at trial.

Plaintiff seeks an impartial expert to interpret his medical file and describe how his medical condition has deteriorated. An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the district court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted).

The appointment of an independent expert is to assist the trier of fact, not a particular litigant. See Joe S.Cecil & Thomas E. Willging, Court-Appointed Experts, at 538 (Fed. Jud. Center 1994) (Rule 706 is meant to promote accurate fact finding where issues are complex, esoteric and beyond the ability of the fact finder to understand without expert assistance). Here, Plaintiff requests an independent expert to establish an element of his case. Rule 706 does not exist to assist a party.

Appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice. In re Joint E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

Accordingly, for the reasons stated, Plaintiff's motion for the appointment of an independent expert will be denied.

Based on the foregoing, it is HEREBY ORDERED that:

    1. Plaintiff's Prayer for Relief (ECF No. 53) is DENIED, and

2. Plaintiff's motion for the appointment of an independent expert (ECF No. 54) is DENIED.

IT IS SO ORDERED.

Dated:   February 11, 2015             /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE