UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

           Plaintiff,

    v.

DR. CHEN,

           Defendant.

CASE NO. 1:11-cv-01762-MJS (PC)

**ORDER (1) DENYING MOTION FOR NEW TRIAL (ECF No. 87), AND (2) DENYING MOTION FOR SANCTIONS (ECF No. 88)**

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded against Defendant Chen on Plaintiff's Eighth Amendment medical indifference claim.

The matter was tried to a jury and, on April 24, 2015, the jury returned a verdict in favor of Defendant. (ECF No. 84.) Judgment was entered thereon on April 27, 2015 (ECF No. 86), and the action was closed.

Before the court is Plaintiff's May 20, 2015 motion for new trial. (ECF No. 87.) Defendant opposes the motion. (ECF No. 89.) Plaintiff filed a reply. (ECF No. 90.)

Also before the Court is Plaintiff's May 20, 2015 motion for sanctions against defense counsel. (ECF No. 88.) Although Defendant did not specifically oppose this motion, it is closely and substantively related to the motion for new trial.

1   The matters are deemed submitted.[1] Local Rule 230(*l*).

2   **II.    MOTION FOR NEW TRIAL**

3   **A.    Legal Standards**

4   Plaintiff states his motion is brought pursuant to Federal Rules of Civil Procedure

5   50(b), 52(b), and 59(b).

6   **1.    Rule 50(b)**

7   Rule 50 pertains to motions for a judgment as a matter of law. Subsection (b) of

8   that Rule allows a party to renew a <u>previously brought</u> motion for judgment as a matter of

9   law after the return of the jury's verdict, and to simultaneously file an alternative or joint

10  request for new trial. It is inapplicable where, as here, Plaintiff brought no such motion

11  prior to submission of the case to the jury. Accordingly, Plaintiff's motion for judgment

12  notwithstanding the verdict will be denied.

13  **2.    Rule 52(b)**

14  Rule 52 applies to the Court's findings and conclusions in a trial without a jury, or

15  with an advisory jury. It is inapplicable to Plaintiff's jury trial.

16  **3.    Rule 59**

17  Federal Rule of Civil Procedure 59(a)(1) provides that: "The court may, on motion,

18  grant a new trial on all or some of the issues--and to any party--as follows: (A) after a

19  jury trial, for any reason for which a new trial has heretofore been granted in an action at

20  law in federal court . . ."

21  Rule 59 does not specify the grounds on which a motion for a new trial may be

22  granted. <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1035 (9th Cir. 2003). Rather,

23  the court is "bound by those grounds that have been historically recognized." <u>Id.</u>

24  "Historically recognized grounds include, but are not limited to, claims 'that the verdict is

25  against the weight of the evidence, that the damages are excessive, or that, for other

26  reasons, the trial was not fair to the party moving.'" <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d

27

28  ─────────────────────
[1] Plaintiff's request for a hearing (ECF No. 90) is denied.

1  724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251

2  (1940)). Erroneous evidentiary rulings also may be grounds for a new trial. See

3  Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995); Murphy v. City of

4  Long Beach, 914 F.2d 183, 187 (9th Cir. 1990). However, "[a] new trial is only warranted

5  when an erroneous evidentiary ruling 'substantially prejudiced' a party." United States v.

6  99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir. 1992).

7  **B.   Arguments**

8  Plaintiff seeks a new trial based on claimed evidentiary errors during trial.

9  Plaintiff first challenges the exclusion of an October 20, 2009 appeal log. The

10  document indicates that Defendant Chen interviewed Plaintiff at the second level of

11  review of that appeal. Plaintiff claims that defense counsel and Defendant were aware of

12  the document, knew Defendant Chen participated in the appeal, yet knowingly provided

13  false testimony that Defendant Chen was unaware of Plaintiff's appeal. Plaintiff claims

14  that Defendant Chen's knowledge of the appeal, and therefore this document, was

15  essential to his case.

16  Plaintiff next challenges the exclusion of certain medical records from providers

17  outside the California Department of Corrections and Rehabilitation. Plaintiff claims he

18  was confused by the Court's ruling as to the admissibility of these records and, had he

19  understood the ruling better, he would have been able to ask the "right questions" to

20  have the records admitted.

21  Defendant counters that Plaintiff never identified the October 20, 2009 appeal log

22  as a source of evidence at any time prior to trial. Defendant represents that he testified

23  truthfully based on his recollection of the events at issue, which occurred more than five

24  years prior to trial.

25  Plaintiff responds that it was Defendants responsibility to review his prison

26  records to identify relevant appeals, or to file a motion for an order compelling Plaintiff to

27  do so. Plaintiff asks for a hearing to introduce evidence that Defendant's testimony was

28  false.

1      **C.      Discussion**

2              **1.      Background Regarding Plaintiff's Exhibits**

3      The Court finds it necessary to first place Plaintiff's evidentiary objections in

4 context. In this action, Plaintiff claimed that Defendant Chen was deliberately indifferent

5 to his medical needs. Plaintiff also claimed that Defendant Chen retaliated against him

6 for filing administrative grievances by showing deliberate indifference to his medical

7 needs.

8      During the course of litigation, Plaintiff failed entirely to comply with his obligation

9 to participate in discovery. (See ECF Nos. 66 and 67.) Plaintiff did not properly respond

10 to Defendants' interrogatories or request for production of documents, and certainly did

11 not produce the October 20, 2009 appeal log with his discovery responses. (ECF No.

12 66.) Additionally, with the exception of one report, he did not produce to Defendant any

13 outside medical records. (Id.) Plaintiff also failed to comply with his obligation to identify

14 his intended exhibits in his pretrial statement. (ECF No. 56.)

15      These deficiencies were addressed during the pretrial conference. Plaintiff was

16 contrite, and attributed his failings to the poor advice of another inmate. Plaintiff was

17 advised, in no uncertain terms, that these failings warranted exclusion of his proposed

18 exhibits. He nevertheless was given an opportunity to provide any previously

19 undisclosed evidence to Defendant forthwith. (ECF No. 63.) Despite Plaintiff's

20 representation at the conference that he would provide the exhibits within a few days, he

21 did not do so for twenty-five days. (ECF No. 67.) Thus, Plaintiff's evidence was disclosed

22 to Defendant for the first time less than a month before trial.

23      Despite these failings, and the presumed prejudice they caused to Defendant, the

24 Court nonetheless substantially denied Defendants' motion in limine, and admitted the

25 majority of Plaintiff's exhibits. (ECF No. 81.) However, during the course of trial, it

26 became apparent that Plaintiff had additional proposed exhibits, never before disclosed

27 to Defendant or submitted to the Court, that he wished to introduce. Plaintiff conceded

28 that the exhibits were not previously identified or shown to Defendant. On that basis,

1    they were excluded. Plaintiff apparently now claims that the October 20, 2009 appeal log

2    was one such exhibit.

3            **2.      Analysis**

4            Plaintiff bore the burden of proof at trial. This required him to prove, by a

5    preponderance of evidence, that Defendant retaliated against him <u>because of</u> his

6    protected conduct, i.e., for filing an administrative grievance. <u>Brodheim v. Cry</u>, 584 F.3d

7    1262, 1271 (9th Cir. 2009). During trial, Defendant Chen denied knowledge of Plaintiff's

8    grievance. However, Plaintiff apparently had evidence, in the form of the October 20,

9    2009 appeal log, that Defendant was aware of his grievance. On that basis, Plaintiff

10   could have argued that Defendant declined to attend to Plaintiff's medical needs

11   because of Plaintiff's grievance. The exclusion of the appeal log certainly prejudiced

12   Plaintiff's ability to make this argument.

13          Unfortunately for Plaintiff, the prejudice resulted not from an erroneous evidentiary

14   ruling, but from Plaintiff's own actions. In the weeks leading to trial, Plaintiff repeatedly

15   was advised, both orally and in writing, that his failure to disclose documents to

16   Defendant could prove fatal to his case. Plaintiff was well-aware that it was not

17   Defendant's responsibility to comb through prison records to identify evidence that might

18   support Plaintiff's case. Yet, even Plaintiff's eleventh hour disclosures did not include this

19   critical document. In light of the Court's repeated admonitions, Plaintiff cannot claim

20   ignorance or blame his choices on the advice of another inmate. Plaintiff's deliberate

21   choice to withhold such a document until Defendant's cross-examination reflects a level

22   of gamesmanship not condoned by the Court. It certainly does not present a basis for

23   granting a new trial.

24          As for Plaintiff's arguments regarding outside medical records, the Court notes

25   that the majority of such records ultimately were admitted. (ECF No. 81.) Plaintiff does

26   not identify any specific record that he believes was improperly excluded, nor any

27   prejudice arising therefrom. Additionally, he does not explain how he could have

28

admitted these records by asking the "right questions," given that no person capable of authenticating the documents was called as a witness.

### 3.   Conclusion

Plaintiff has failed to show evidentiary errors that resulted in substantial prejudice to his case. Accordingly, he fails to present a basis for new trial and his motion will be denied.

## III.   MOTION FOR SANCTIONS

Plaintiff seeks to have defense counsel sanctioned and reported to the bar for presenting misleading argument and allowing Defendant to testify falsely regarding his knowledge of Plaintiff's grievance.

Defense counsel represents that both he and Defendant were unaware of the October 20, 2009 appeal log reflecting Defendant's participation in the appeal until Plaintiff's motion for new trial. As already stated, Plaintiff never identified this document as evidence or otherwise. There is no reason to believe Defense counsel was aware of it or had any reason to believe Defendant knew of it or recalled having seen Plaintiff's grievance.  There simply is no basis for concluding that defense counsel purposefully presented misleading argument or that Defendant purposefully testified falsely.

Accordingly, the motion for sanctions will be denied.

## IV.   ORDER

For the reasons stated herein, it is HEREBY ORDERED that:

1.  Plaintiff's motion for a new trial (ECF No. 87) is DENIED; and

2.  Plaintiff's motion for sanctions (ECF No. 88) is DENIED.

IT IS SO ORDERED.

Dated:   July 16, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

6